IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY STEVEN LOESCH,

    Petitioner,               No. 2:12-cv-1103-EFB P

    vs.

TERRI GONZALEZ,

    Respondent.          ORDER

_____/

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent's answer argues, among other things, that two of petitioner's claims are unexhausted: 1) trial counsel's performance was deficient by permitting the trial court to determine that the 9-1-1 recording was inadmissible as a spontaneous statement and 2) trial counsel was ineffective for failing to object to the trial court's use of a statement contained in his probation report establishing that a prior conviction qualified as a strike under California law. ECF No. 18. at 28, 32.

    Petitioner now requests that the court stay this proceeding so he may present unexhausted claims to the California Supreme Court. ECF No. 20. Respondent opposes a stay, arguing that a

---

[1] This matter is before the undersigned pursuant to the consent of the parties. *See* ECF Nos. 6, 11; *see also* 28 U.S.C. § 636(c).

1

stay is inappropriate because petitioner failed to identify the claims he seeks to exhaust and does not provide good cause for the delay in seeking to exhaust the undisclosed claims. ECF No. 21 at 4. For the following reasons, petitioner's motion to stay is denied.

**I.     The Exhaustion Requirement**

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3). Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted).

Where a petition contains both unexhausted and exhausted claims, the petition must be dismissed with leave to amend to allow the petitioner to file an amended petition stating only exhausted claims (either by exhausting the previously unexhausted claims prior to filing the amended petition or by deleting the unexhausted claims from the petition). *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Calderon v. U.S. Dist. Ct.* (Taylor), 134 F.3d 981, 986 (9th Cir. 1998); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000). Alternatively, the petitioner may seek a stay of the federal proceedings while he attempts to exhaust the unexhausted claims. *King v. Ryan*, 564 F.3d 1133 (9th Cir.2009).

**II.    Motion to Stay**

There are two approaches for analyzing stay-and-abey motions – one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). *Kelly* provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment.

*Kelly,* 315 F.3d at 1070-71; *King*, 564 F.3d at 1135.  If a petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court.  *King*, 564 F.3d at 1138-39.  However, the previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1).  *King*, 564 F.3d at 1140-41.  Under that section, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82  (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court.  *King*, 564 F.3d at 1139-40.  Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition.  *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139.  In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay."  *Id.*

In his reply, petitioner argues that there is good cause for granting a stay "based upon the petitioner's inability to get to or reach the prison law library due to . . . racial violence, that erupted on or about June 10, 2012."  ECF No. 22.  Petitioner's proffered reason does not explain why he failed to exhaust all his claims prior to filing his federal petition.  Petitioner filed the instant petition on April 25, 2012.  Petitioner contends, however, that he was precluded from accessing the prison law library beginning in June 2012, subsequent to filing his federal petition.

3

1 Thus, petitioner's alleged inability to access the law library does not provide good cause for his
2 failure to exhaust his two unexhausted claims prior to filing his petition.  Accordingly, a stay
3 under *Rhines* is not appropriate.

4     The court also finds that a stay under *Kelly* is inappropriate.  As respondent points out,
5 petitioner's motion for a stay does not identify the claims he seeks to exhaust.  *See* ECF No. 20.
6 Petitioner simply requests a stay to "present claims which were not addressed nor presented to
7 the State's Highest Court i.e. Supreme Court of California."  ECF No. 20.  It is unclear whether
8 petitioner seeks a stay to exhaust only the two unexhausted claims currently pending in the
9 petition, or whether he seeks to add additional claims.  A document filed by petitioner
10 subsequent to moving for a stay further muddles any attempt to determine petitioner's intention
11 for seeking a stay.  On December 13, 2012, petitioner filed a document titled "Petition for: Writ
12 of Habeas Corpus."  ECF No. 23.  That petition is addressed to the California Supreme Court
13 and contains ineffective assistance of counsel claims that are not asserted in the operative
14 petition.  *See generally* ECF Nos. 1, 23.  It is unclear whether this filing was intended to notify
15 the court of the claims he seeks to exhaust, or whether petitioner inadvertently mailed this
16 petition to this court.  The California Courts' website indicates that petitioner had filed a habeas
17 petition in the California Supreme Court on March 11, 2013.  That petition was denied on May
18 1, 2013.  Although it appears that petitioner may have exhausted additional claims through that
19 action, petitioner has not filed a notice informing the court that he had exhausted the claims for
20 which he sought a stay, nor has he moved to amend the petition to assert new claims for relief.

21     Simply put, petitioner has not provided sufficient information concerning the claims he
22 wishes to exhaust, and thus the court cannot determine whether a stay would be futile or, in light
23 of the petition recently denied by the California Supreme Court, whether his motion is now
24 moot.  Accordingly, the court declines to exercise its discretion to stay the petition under the
25 *Kelly* procedures.  Petitioner's motion is therefore denied without prejudice.
26 /////

However, the December 13, 2012 filing indicates that petitioner may have additional claims for relief that he wants to assert. Accordingly, the court will provide petitioner an opportunity to seek leave to amend his petition to include any additional claims for relief. Alternatively, should petitioner wish to proceed only on the claims currently pending before the court, petitioner may file a traverse in lieu of a motion to amend.

**III.    Conclusion**

Accordingly, it is hereby ORDERED that:

1. Petitioner's motion to stay, ECF No. 20, is denied without prejudice.

2. Petitioner may file a motion to amend the petition within 30 days from the date of this order. Any motion to amend must be accompanied by a proposed amended petition. E.D. Local Rule 137(c). The petition must bear the docket number assigned to this action and be styled, "First Amended Petition." The petition must also be complete in itself without reference to any prior petition, and contain only exhausted claims.

3. Should petitioner decide to proceed on his April 25, 2012, petition, he may file a traverse in lieu of a motion to amend within 30 days of the date of this order.

4. Should petitioner fail to file a traverse or a motion to amend within 30 days, the matter will stand submitted for decision on the claims in petitioner's April 25, 2012 petition.

Dated: August 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE